UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RUFUS JOHNSON,

       Petitioner,

v.                                                            CASE NO. 07-CV-11640
                                                              HONORABLE GEORGE CARAM STEEH

MILLICENT WARREN,

       Respondent.
                                     /


**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,**
**DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO**
**PROCEED IN FORMA PAUPERIS ON APPEAL**

Rufus Johnson ("Petitioner"), a Michigan prisoner, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his

constitutional rights.  Petitioner was convicted of possession with intent to deliver 225 grams or

more but less than 650 grams of cocaine, Mich. Comp. L. § 333.7401(2)(a)(ii), and maintaining a

drug house, Mich. Comp. L. § 333.7405(1)(d), following a jury trial in the Saginaw County

Circuit Court in 2002.  He was sentenced as a third habitual offender, Mich. Comp. L. § 769.11,

to concurrent terms of 20-60 years imprisonment and two to four years imprisonment.  In his

pleadings, he raises claims concerning the sufficiency/validity of the cocaine evidence and the

effectiveness of trial and appellate counsel.  For the reasons stated herein, the Court denies the

petition for writ of habeas corpus and denies a certificate of appealability and leave to proceed *in*

*forma pauperis* on appeal.

## I.  Facts and Procedural History

Petitioner's convictions arise from his cocaine possession and related activities at his residence in Saginaw, Michigan on April 26, 2001.  Petitioner was charged with manufacture and/or possession with intent to manufacture and/or possession with intent to deliver more than 650 grams of cocaine, maintaining a drug house, conspiracy, and being a third habitual offender. The trial testimony revealed that police officers were executing a search warrant at the residence and entered as Petitioner was "cooking" a quantity of cocaine.  During their search, the police recovered crack cocaine, cocaine powder, and a cocaine mixture totaling 670 grams from various locations in the house.  The police also found cocaine cooking materials and documents indicating that Petitioner lived in the home with his niece, Lamonica Sykes, whose father owned the house.

At the close of trial, defense counsel moved for a directed verdict on the possession with intent to deliver more than 650 grams of cocaine charge based upon the fact that some of the seized cocaine found in a glass jar included a mixing agent and water and moved for a direct verdict on the conspiracy charge based upon the lack of evidence linking Petitioner to Sykes. The trial court denied the motion.  The jury convicted Petitioner of possession with intent to distribute more than 225 grams but less than 650 grams of cocaine and maintaining a drug house. The trial court subsequently sentenced him as a third habitual offender to concurrent terms of 20 to 60 years imprisonment and two to four years imprisonment.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting that:  (1) he was denied his right to a speedy trial, (2) he was denied his right to a fair trial and impartial jury by the exclusion of blacks from the jury venire and the

prosecutor's use of a peremptory challenge to exclude a prospective black juror, and (3) the trial

court erred in denying the directed verdict motion where the evidence was insufficient to support

the charges of possession with intent to deliver more than 650 grams of cocaine and conspiracy.

The Michigan Court of Appeals affirmed his convictions. *See People v. Johnson*, No. 243125,

2003 WL 22976372 (Mich. Ct. App. Dec. 18, 2003). Petitioner filed an application for leave to

appeal with the Michigan Supreme Court raising the same claims, as well as a new claim that he

was denied his Fifth Amendment due process rights where the trial and appellate courts based

their decision on erroneous evidence. The Michigan Supreme Court denied leave to appeal in a

standard order. *See People v. Johnson*, 471 Mich. 883, 688 N.W.2d 504 (2004).

Petitioner filed his initial petition for writ of habeas corpus with this Court in March,

2005 asserting that he was denied his Fifth Amendment due process rights where the state courts

based their decisions on erroneous evidence. This Court dismissed the petition without prejudice

for failure to properly exhaust state court remedies. *See Johnson v. Warren*, No. 05-CV-71081-

DT (E.D. Mich. April 4, 2005).

Petitioner subsequently filed a motion for relief from judgment with the state trial court,

alleging that: (1) he was denied his Fifth Amendment right to due process where the trial and

appellate court based their decisions on erroneous evidence, (2) he was denied his constitutional

right to the effective assistance of appellate counsel, and satisfied the "cause" requirement of

MCR 6.508, where his appellate attorney failed to raise the foregoing issue, and (3) trial counsel

was ineffective for failing to file a motion to dismiss the cocaine that was not measured. The

trial court denied the motion finding that Petitioner "failed to provide reasonable justification

under MCR 2.612 to grant relief from Judgment, and this Court, in its own review, does not find

any grounds pursuant to MCR 2.612(C) to grant Defendant relief from judgment." *People v. Johnson*, No. 01-020487-FC-3 (Saginaw Co. Cir. Ct. June 2, 2005).  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims, which was denied for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Johnson*, No. 263751 (Mich. Ct. App. Feb. 3, 2006) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied.  *People v. Johnson*, 475 Mich 888, 715 N.W.2d 897 (2006).

Petitioner thereafter filed his federal habeas petition, raising the three claims presented to the state courts in his motion for relief from judgment and related appeals.  Respondent has filed an answer to the petition contending that it should be denied because the claims are barred by procedural default.  Petitioner has not filed a reply to that answer.

## II.  Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

### III. Analysis

Petitioner challenges the cocaine evidence admitted against him at trial and the effectiveness of trial and appellate counsel in his petition. Respondent contends that Petitioner's habeas claims are barred by procedural default because he first raised those claims in his motion for relief from judgment and the state appellate courts denied relief pursuant to Michigan Court Rule 6.508(D).

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433

U.S. 72, 85-87 (1977).  The doctrine of procedural default is applicable when a petitioner fails to

comply with a state procedural rule, the rule is actually relied upon by the state courts, and the

procedural rule is "adequate and independent."  *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir.

2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).  "A procedural default

does not bar consideration of a federal claim on either direct or habeas review unless the last

state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests

on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263 (1989).  The last *explained* state

court judgment should be used to make this determination.  *See Ylst v. Nunnemaker*, 501 U.S.

797, 803-05 (1991).  If the last state judgment is a silent or unexplained denial, it is presumed

that the last reviewing court relied upon the last reasoned opinion.  *Id.*

Petitioner first properly presented his habeas claims to the state courts in his motion for

relief from judgment.  Both the Michigan Supreme Court and the Michigan Court of Appeals

denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court

may not grant relief to a defendant if the motion for relief from judgment alleges grounds for

relief which could have been raised on direct appeal, absent a showing of good cause for the

failure to raise such grounds previously and actual prejudice resulting therefrom.  *See* Mich. Ct.

R. 6.508(D)(3).  The Michigan Supreme Court's decision, while brief, was based upon an

independent and adequate state procedural rule.  *See Simpson v. Jones*, 238 F.3d 399, 407 (6th

Cir. 2000) (Michigan Supreme Court's citation to MCR 6.508(D) to deny relief constitutes a

reasoned decision invoking a procedural bar); *see also Alexander v. Smith*, _ F.3d _, 2009 WL

426261, *6 (6th Cir. Feb. 20, 2009) (confirming that *Simpson* is binding precedent); *cf. Ivory v.

Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007), *cert. den.* _ U.S. _, 128 S. Ct. 1897 (2008)

(ruling that it may be appropriate to look to the state trial court's decision denying a motion for relief from judgment to determine whether the appellate courts relied upon a procedural default in denying relief pursuant to MCR 6.508(D)); *Abela v. Martin*, 380 F.3d 915, 921-23 (6th Cir. 2004) (distinguishing case where Michigan Court of Appeals denied relief for lack of merit in the grounds presented).  In this case, the Michigan Supreme Court (and the Michigan Court of Appeals) relied upon a clear state procedural default in denying Petitioner relief on his claims.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner asserts that appellate counsel was ineffective as cause to excuse his failure to raise his first habeas claim on direct appeal, but does not assert any cause to excuse his failure to raise his second or third habeas claims on direct appeal.  Petitioner has not shown that appellate counsel was ineffective.  In order to establish ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient ... [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  In determining whether counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance .... At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.  Therefore, judicial scrutiny of counsel's performance must be

"highly deferential."  *Id*. at 689.  The defense is prejudiced only if "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different."  *Id*. at 694.

It is well-established that a criminal defendant does not have a constitutional right to

have appellate counsel raise every non-frivolous issue on appeal.  *See Jones v. Barnes*, 463 U.S.

745, 751 (1983).  The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on
> appointed counsel a duty to raise every "colorable" claim suggested by a client
> would disserve the ... goal of vigorous and effective advocacy .... Nothing in the
> Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly

left to the sound professional judgment of counsel."  *United States v. Perry*, 908 F.2d 56, 59 (6th

Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing

out weaker arguments on appeal and focusing on' those more likely to prevail."  *See Smith v.*

*Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52).  "Generally, only when

ignored issues are clearly stronger than those presented will the presumption of effective

assistance of appellate counsel be overcome."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir.

2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by

omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and

would have resulted in reversal on appeal.  *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870

(E.D. Mich. 2003).

Petitioner has failed to show that by omitting the evidentiary and ineffective assistance of

counsel claims presented in his motion for relief from judgment appellate counsel's performance

fell outside the wide range of professionally competent assistance.  Appellate counsel presented

viable issues including a speedy trial claim, a jury selection and composition claim, and a

directed verdict/insufficient evidence/compromise verdict claim on direct appeal in the state

courts.  In fact, the Michigan Court of Appeals agreed that the trial court erred in denying the

directed verdict motion on the possession with intent to deliver more than 650 grams of cocaine

charge, but concluded that there was sufficient evidence to support Petitioner's conviction on the

lesser offense of possession with intent to deliver 225 to 650 grams of cocaine and there was no

indication of a jury compromise.  Petitioner has not shown that appellate counsel's strategy in

presenting such claims and not raising the claims contained in the motion for relief from

judgment was deficient or unreasonable.  Petitioner has thus failed to demonstrate that appellate

counsel was ineffective so as to establish cause to excuse his procedural default.  He has likewise

failed to show that he is entitled to habeas relief based upon an independent claim that appellate

counsel was ineffective.

The Court need not address the issue of prejudice when a petitioner fails to establish

cause to excuse a procedural default.  *See Smith*, 477 U.S. at 533; *Long v. McKeen*, 722 F.2d

286, 289 (6th Cir. 1983).

Moreover, Petitioner has not demonstrated that a fundamental miscarriage of justice has

occurred.  The miscarriage of justice exception requires a showing that a constitutional violation

probably resulted in the conviction of one who is actually innocent.  *See Murray v. Carrier*, 477

U.S. 478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner

to support the allegations of constitutional error with new reliable evidence that was not

9

presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence means

factual innocence, not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623

(1998).  Petitioner has made no such showing.  His habeas claims are thus barred by procedural

default, his ineffective assistance of appellate counsel claim lacks merit, and none of his claims

warrant relief from this Court.

## IV.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas

relief on the claims presented in his petition.  Accordingly, the Court **DENIES WITH**

**PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of

appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court rejects a habeas claim on the

merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable

jurists would find the district court's assessment of the constitutional claim debatable or wrong.

*See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In

applying this standard, a district court may not conduct a full merits review, but must limit its

examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id*. at

336-37.

When a district court denies a habeas claim on procedural grounds without addressing the

merits, a certificate of appealability should issue if it is shown that jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a constitutional right, and

that jurists of reason would find it debatable whether the court was correct in its procedural

ruling.  *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a

substantial showing of the denial of a constitutional right as to his habeas claims and that jurists

of reason would not find the Court's procedural default ruling debatable.  Accordingly, the Court

**DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma*

*pauperis* on appeal because any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

Dated:  March 18, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 18, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---